IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-249-KDB-DCK

| | | |
|---|---|---|
| PAULA NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| BARCLAYS BANK DELAWARE, and | ) | |
| JOSE L. PEREZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Barclays' "Motion To Dismiss Or In The Alternative To Compel Arbitration" (Document No. 6) filed March 8, 2024, and Plaintiff's "Motion For Extension Of Time To File Response To Motion To Dismiss…" (Document No. 11) filed May 9, 2024. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will deny the motions as moot.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

The undersigned notes that Plaintiff timely-filed a "First Amended Complaint" (Document No. 10) on May 9, 2024.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect).

Based on the record of this case and the foregoing legal authority, the undersigned finds that the pending motions are now moot. Defendants shall file an Answer, or otherwise respond to the "First Amended Complaint," in accordance with the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that Defendant Barclays' "Motion To Dismiss Or In The Alternative To Compel Arbitration" (Document No. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Extension Of Time To File Response To Motion To Dismiss…" (Document No. 11) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties shall file a Certificate of Settlement Conference as directed by the "Standing Order Requiring An Initial Settlement Conference In Civil Cases Assigned To The Honorable Kenneth D. Bell," 5:19-MC-005-KDB, (Document No. 2) (W.D.N.C. July 16, 2019) *prior* to the filing of an Answer or other response.

**SO ORDERED**.

Signed: May 10, 2024

David C. Keesler
United States Magistrate Judge