IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00249-KDB-DCK

| | |
|---|---|
| PAULA NEWSOME,<br><br>Plaintiff,<br><br>v.<br><br>JOSE L. PEREZ AND<br>BARCLAYS BANK DELAWARE,<br><br>Defendants. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendant Barclays Bank Delaware's ("Barclays") Motion for Judgment on the Pleadings (Doc. No. 14). The Court has carefully considered this motion and the parties' briefs and pleadings. For the reasons discussed below, the Court will **GRANT in part and DENY in part** the motion. Further, having determined that Plaintiff's lone federal claim must be dismissed, the Court will exercise its discretion to decline supplemental jurisdiction over Plaintiff's state law claims and remand this action to the state court from which it was removed.

I.  LEGAL STANDARD

Barclays[1] moves for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *See In re Lowe's Companies*,

---

[1] The second defendant, Jose Perez, has been served with the Complaint but has not answered or otherwise participated in this action (at least so far as can be gleaned from the docket). Because of the nature of the Court's rulings here, this action will also be dismissed and remanded as to Mr. Perez.

1

*Inc. Fair Lab. Standards Act & Wage & Hour Litig.*, 517 F. Supp. 3d 484, 492–93 (W.D.N.C. 2021) (quoting *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002)). A motion for judgment on the pleadings is governed by the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012); *Shipp v. Goldade*, No. 5:19-CV-00085-KDB-DCK, 2020 WL 1429248, at *1 (W.D.N.C. Mar. 19, 2020).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 929 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, 22 F.4th 412 (4th Cir. 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc*., 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678, 129 S.Ct. 1937). Thus, a motion to dismiss under Rule 12(b)(6) or Rule 12(c) determines only whether a claim is stated;

"it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that she contracted with Defendant Perez on February 20, 2022, for construction and remodeling work. (Doc. No. 10 (Am. Compl.) ¶ 9). According to Plaintiff, the $24,000 payment for Perez's services was to be made in three installments, but Perez immediately initiated an excessive charge for $32,500 (the "Charge") on Plaintiff's MasterCard account ending in 8948 with Barclays (the "Account"). (*Id.* ¶¶ 8, 10-11). Ultimately, Plaintiff paid Perez $24,350 through a series of checks and sought credit for the erroneous credit card charge. (*Id.* ¶ 12).

Plaintiff alleges that the Charge first appeared on Plaintiff's March 21 or March 22, 2020, billing statement, (*Id.* ¶ 12) and that on or about May, 2, 2022, Plaintiff provided Barclays written notice of the wrongful Charge. (*Id.* ¶ 14). Barclays then allegedly credited $24,000 to the Account, but refused to credit the remaining $8,500. (*Id.* ¶ 15). Plaintiff contends that Barclays failed to reasonably investigate the Charge or correct the alleged billing error. (*Id.* ¶ 16). Following the initial notice, Plaintiff sent Barclays additional notices regarding the Charge on June 28, 2022, September 19, 2022, and November 11, 2022 in response to subsequent similarly inaccurate billing statements. On December 12, 2022, Barclays informed Plaintiff by letter it would not credit $8,500 to the Account. (*Id.* ¶¶ 17, 19, 21, 25). Sometime thereafter, Barclays allegedly closed the Account and transferred it to a collection agency. (*Id.* ¶ 26).

On December 12, 2023, Plaintiff filed a Complaint against Barclays and Defendant Perez in the Superior Court of Mecklenburg County, North Carolina, asserting claims under the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.* ("FCBA"); the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"); North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* ("UDTPA"); and North Carolina's Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 *et seq.* Barclays timely removed this action on March 1, 2024, invoking the Court's federal question jurisdiction. On March 11, 2024, the Court granted the parties' request to temporarily stay this matter. Following the stay, Plaintiff filed an Amended Complaint on May 9, 2024, seeking a declaratory judgment and asserting claims against Barclays under the FCBA, North Carolina's Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq.* ("NCDCA"), and the UDPTA.

Barclays answered the Amended Complaint and on the same date moved for Judgment on the Pleadings. The motion has been fully briefed and is ripe for the Court's ruling.

### III. DISCUSSION

#### A. Federal Law Claims

Plaintiff asserts two claims under federal law. Her primary claim is that Defendants violated the FCBA, and, related to that claim, she asks the Court for a declaratory judgment that Barclays is not entitled to repayment from Plaintiff of the $8,500 credit card balance plus interest and fees. Barclays' defense (for purposes of this motion) is that Plaintiff's FCBA claim is barred by the statute of limitations.

Claims under the FCBA must be brought within one year from the date of the alleged violation." *Woody v. MBNA Am. Bank, N.A.*, No. 5:02-CV-170-BO(3), 2002 WL 32396629, at *1 (E.D.N.C. Oct. 11, 2002*), aff'd sub nom. Woody v. MBNA Am. Bank, NA*, 69 F. App'x 196

(4th Cir. 2003); *see Roa v. State Farm Bank*, No. 121CV881AJTMSN, 2021 WL 11702071, at *2 (E.D. Va. Oct. 22, 2021) ("[C]laims under the FCBA must be filed within the one-year limitations period applicable to violations of TILA under § 1640(e)."); *Farrish v. Navy Fed. Credit Union*, No. CV DKC 16-1429, 2017 WL 4418416, at *3 (D. Md. Oct. 5, 2017), *aff'd*, 711 F. App'x 189 (4th Cir. 2018) ("[An FCBA] claim must be filed within one year of the alleged violation.").

To establish a FCBA violation, a plaintiff must first give the creditor timely notice of the alleged billing error. *See* 15 U.S.C. § 1666(a). To be timely, the notice must be "received by a creditor . . . no later than 60 days after the creditor transmitted the first periodic statement that reflects the alleged billing error." 12 C.F.R. § 226.13(b)(1); *see Pinner v. Schmidt*, 805 F.2d 1258, 1264 (5th Cir.1986) (explaining that the 60–day notice period begins to run "when a disputed statement is first received"). Upon receipt of timely notice, the creditor must acknowledge the dispute within thirty days, investigate the matter, and provide a written explanation of its decision within ninety days." *Murr v. Cap. One Bank (USA), N.A.*, 28 F. Supp. 3d 575, 593 (E.D. Va. 2014) (citing 15 U.S.C. § 1666(a)). Thus, the one-year statute of limitations begins to run, at the latest, 90 days after a creditor receives timely notice arising from the first billing statement reflecting the billing error. *See Neiman v. Chase Bank, USA, N.A.*, No. 13 C 8944, 2014 WL 3705345, at *4 (N.D. Ill. July 25, 2014) (recognizing that "§ 1666(a)'s statutory timeframe begins to run after the creditor [has] transmitted the first periodic statement that reflects the alleged billing error.") (collecting cases).

Plaintiff alleges that the March 2022 billing statement was the first billing statement reflecting the Charge. (Doc. No. 10 ¶ 13). She further alleges that she provided Barclays written notice of the Charge on May 2, 2022. (*Id.* ¶ 14). From that date, Barclays had ninety days, or until

5

July 31, 2022, to provide a written explanation of its decision regarding the Charge. *See* 15 U.S.C. § 1666(a). Accordingly, the statute of limitations began to run on July 31, 2022, and Plaintiff had until July 31, 2023, to assert her FCBA claim. However, Plaintiff did not file her Complaint until December 12, 2023, months past the end of the period of limitation. Therefore, Plaintiff's FCBA claim is time-barred and must be dismissed.

While Plaintiff concedes that she did not timely file her Complaint with respect to her initial notice to Barclays, she argues that her FCBA claim is timely as to additional notices that she sent Barclays after receiving more inaccurate billing statements. However, her later notices did not trigger any obligations for Barclays under the FCBA. *See Dawkins v. Sears Roebuck & Co.,* 109 F.3d 241, 243 (5th Cir. 1997) ("[Plaintiff] did not provide Sears notice within the 60–day period; he received the first statement containing the alleged error on August 17, 1991, and he responded on November 13, 1991. Therefore, [Plaintiff] failed to trigger Sears's obligations under § 1666, and Sears cannot be held liable for violations of that section."); *Cunningham v. Bank One*, 487 F. Supp. 2d 1189, 1193 (W.D. Wash. 2007) ("[D]efendant's obligations under TILA were not triggered because plaintiff's November 24, 2004 letters were not sent within 60 days of the first statement reflecting the alleged billing errors."). In other words, Plaintiff's additional notices did not restart the statute of limitations. *See Neiman*, 2014 WL 3705345, at *4 ("Plaintiffs argue that their subsequent notifications of alleged billing errors . . . arising from the first notification of alleged billing error give rise to separate time limits . . . this court finds Plaintiffs' argument unpersuasive in light of case law from other district and circuit courts, that has held § 1666(a)'s statutory timeframe begins to run after the creditor [has] transmitted the first periodic statement that reflects the alleged billing error."); *Bittick v. Experian Info. Sols., Inc.,* 419 F. Supp. 2d 917, 919 (N.D. Tex. 2006) ("[H]er additional report to the agencies that the information was

incorrect . . . cannot restart the limitations clock [on plaintiff's FCRA claim]; *Walton v. First Merchants Bank*, No. 22-1240, 2022 WL 3999965, at *2 (7th Cir. Sept. 1, 2022), *cert. denied*, 143 S. Ct. 573, 214 L. Ed. 2d 340 (2023) ("Walton asserts that the limitations period was renewed each time the Bank did not respond to a letter she sent, including her letter of September 14, 2020. But this argument has no legal basis. The Bank did not need to respond to her disputes over errors more than 60 days old, and Walton identifies no support that suggests otherwise."). Plaintiff has not cited any case which adopts her interpretation of the relevant statute of limitations in this context. Therefore, the Court will apply the one year period of limitations as running from Plaintiff's first timely notice complaining about the Charge and dismiss her FCBA claim as untimely.

Plaintiff's other federal claim seeking a declaratory judgment wholly depends on her FCBA claim. In the absence of the FCBA claim, no federal question will remain. Thus, Plaintiff's claim for a declaratory judgment under 28 U.S.C. § 2201 must be dismissed as well because that statute requires "an independent basis for jurisdiction over the parties." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc*., 386 F.3d 581, 592 (4th Cir. 2004).

### B. State Law Claims

In addition to her federal claims, Plaintiff asserts state law claims under North Carolina's Unfair and Deceptive Trade Practices Act, North Carolina's Debt Collection Act and North Carolina's Declaratory Judgment Act. Barclays contends that the untimeliness of Plaintiff's FCBA claim also dooms her state law claims. The Court disagrees. An untimely federal claim can be a predicate for an UDTPA claim if it is timely filed within the applicable 4 year statute of limitations for UDTPA claims. *See Bland v. Carolina Lease Mgmt. Grp., LLC*, No. 23-1367, 2024 WL 2012487, at *2 (4th Cir. May 7, 2024).

However, in the absence of a viable federal claim, the federal question jurisdiction on which this action was removed is lacking and the court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *Mann v. Power Home Solar, LLC*, No. 521CV00166KDBDSC, 2022 WL 602196, at *2 (W.D.N.C. Feb. 28, 2022). In the exercise of its discretion, the Court will decline any further consideration of Plaintiff's state law claims, leaving the merits of those claims to be determined in state court. Accordingly, this matter will be dismissed as to Plaintiff's federal claims and remanded to the North Carolina Superior Court for Mecklenburg County for appropriate further proceedings.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion for Judgment on the Pleadings (Doc. No. 14) is **GRANTED** as to Plaintiff's claims under federal law and **DENIED** without prejudice as to Plaintiff's other claims based on the lack of continuing jurisdiction in this Court; and

2. The Clerk is directed to remand this matter to the North Carolina's Mecklenburg County Superior Court and then close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 15, 2024

Kenneth D. Bell
United States District Judge